NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICARDO BIRCHER, Trustee of the
Bircher Living Trust,

    Plaintiff-Appellant,

 v.

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant-Appellee.

No. 20-55608

D.C. No.
2:19-cv-04864-PA-SK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted July 7, 2021[**]
Pasadena, California

Before: D.M. FISHER,[***] WATFORD, and BUMATAY, Circuit Judges.

 Ricardo Bircher ("Bircher"), trustee of the Bircher Living Trust ("Trust"),

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

 [***] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

appeals from a district court judgment denying the Trust's claim for supplemental life insurance benefits under an ERISA-governed plan issued by Metropolitan Life Insurance Company ("MetLife"). The plan insured Bircher's mother, Lupe Bircher ("Lupe"), a former AT&T employee who retired in June 1988. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"Where, as here, a district court has conducted a de novo review of an ERISA plan administrator's decision, we review the court's factual findings only to determine whether they are 'clearly erroneous.'" *Muniz v. Amec Const. Management, Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010) (quoting *Silver v. Executive Car Leasing Long–Term Disability Plan*, 466 F.3d 727, 732–33 (9th Cir. 2006)). "We look at a finding or a conclusion in its true light, regardless of the label that the district court may have placed on it." *Tri-Tron Intern. v. Velto*, 525 F.2d 432, 435 (9th Cir. 1975).

1.      ERISA's civil enforcement mechanism allows plan "participant[s] or beneficiar[ies]" to seek "benefits due . . . under the terms of [their] plan[s]." 29 U.S.C. § 1132(a)(1). MetLife's Summary Plan Description ("SPD") states:

> [Supplemental life insurance] [c]overage ends on the last day of the month upon Termination of Employment, except for Eligible Former Employees of AT&T West who, with Termination of Employment before the dates below, may continue Supplemental Life beyond age 65. . . .

The SPD goes on to list former employees of the "AT&T West Core Contract" as

2

among those subject to the above exception. Under the terms of the SPD, Lupe's supplemental life insurance coverage would have terminated on June 30, 1988, unless she was an eligible former employee of "AT&T West" who elected to continue supplemental coverage post-retirement.

The district court, however, found that Lupe was an employee of AT&T Corporation, not AT&T West. In arriving at this finding, the district court noted that AT&T's administrator concluded that Lupe's legacy company was AT&T Corp. and not AT&T West. Moreover, the district court found "no evidence in the record to show that [Lupe] ever paid premiums for Supplemental Life Insurance coverage after she retired."

Bircher's contention that Lupe was part of AT&T West by virtue of being employed by AT&T within the Nevada and California region is not persuasive. Bircher largely relies on three district court opinions allegedly suggesting AT&T West refers to a region, as opposed to a specific legacy corporation. *See Whatley-Bonner v. Pac. Telesis Grp. Comprehensive Disability Benefit Plan*, 2011 U.S. Dist. LEXIS 139599 (C.D. Cal. Dec. 2, 2011); *Gordon v. Pac. Bell Tel. Co.*, 2014 U.S. Dist. LEXIS 81657 (E.D. Cal. June 13, 2014); *Clay v. AT&T Umbrella Ben. Plan No. 3*, 2019 U.S. Dist. LEXIS 190308 (E.D. Cal. Oct. 31, 2019). Nevertheless, none of these cases compel a finding that all AT&T employees working within California and Nevada were employees of AT&T West, nor do they rebut the district court's

3

factual findings specific to Lupe's coverage.

In view of the record, the district court's findings of fact were not clearly erroneous. *See Parsons v. Ryan*, 754 F.3d 657, 673 (9th Cir. 2014) ("[W]e reverse the district court's findings of fact only if they are (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the record." (simplified)). To the contrary, we find the record provides sufficient support to affirm the district court's conclusion that Lupe was not eligible for post-retirement supplemental life insurance coverage under the plan.

2.      Bircher's argument that MetLife lost or destroyed documents related to Lupe's eligibility and, therefore, cannot deny the existence of coverage also lacks support. While MetLife concedes that it lost the 1988 SPD that was in effect at the time of Lupe's retirement, our court's precedents instruct that a more recent SPD—such as the 2016 SPD in the record—controls regardless. *See Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1160–61 (9th Cir. 2001). Bircher offers no evidence that any missing documents would have changed the outcome of this case.

3.      Finally, Bircher's contention that MetLife committed various procedural violations when handling the Trust's claims has no impact on this appeal. Because the decision of the plan administrator is reviewed de novo, courts do "not give deference . . . but rather determine[] in the first instance if the claimant has

4

adequately established that he or she is [entitled to benefits] under the terms of the plan." *Muniz*, 623 F.3d at 1295–96. Thus, Bircher's allegations of procedural violations do not bear on our decision.

**AFFIRMED.**